IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HÉCTOR SANTIAGO-MELÉNDEZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CIVIL NO. 09-1627 (ADC)<br>Related to Criminal No. 05-232 (ADC) |

**REPORT AND RECOMMENDATION**

**I.      Procedural Posture**

On July 6, 2005, a grand jury returned an indictment against Héctor Santiago-Meléndez ("Santiago-Meléndez" or "petitioner") for conspiring to possess with intent to distribute cocaine and heroin, attempting to possess with intent to distribute cocaine and heroin, and carrying a firearm during and in relation to a drug trafficking offense. (Docket No. 3 in case 05-232 (ADC)).[1] On April 5, 2006, Santiago-Meléndez, pursuant to a plea agreement, entered guilty pleas as to counts three and six of the indictment, that is attempting to possess with intent to distribute five kilograms or more of cocaine and one kilogram or more of heroin in violation of Title 21, United States Code, Sections 846, 841(a)(1) and carrying and possessing a firearm during and in relation to said drug trafficking crime in violation of Title 18, United States Code, Section 924(c). (Docket Nos. 185; 186; 187 in case 05-232 (ADC)).  On August 24, 2006, Santiago-Meléndez was sentenced to a term of imprisonment of 60 months as to each count to be served consecutively with each other for a total term of imprisonment of 120 months.  (Docket Nos. 262 in case 05-232 (ADC)).  Supervised release terms of four years as to count three and five years as to count six, to

---

[1] Unless indicated otherwise, all citations to the record refer to the case at bar, that is 09-1627 (ADC).

be served concurrently with each other, were also imposed. Id. Judgment was entered accordingly on the same day that Santiago -Meléndez was sentenced. (Docket Nos. 263 in case 05-232 (ADC)).[2]

On August 29, 2006, Santiago-Meléndez lodged a notice of appeal. (Docket Nos. 268 in case 05-232 (ADC); 317 with USCA Number 06-2366). On August 14, 2008, the Court of Appeals for the First Circuit summarily dismissed Santiago-Meléndez's appeal, enforcing the waiver of appeal that was discussed at the change of plea hearing. (Docket Nos. 535 in case 05-232 (ADC)).

Pending before the court is petitioner Santiago-Meléndez's motion under 28 U.S.C. §2255 to vacate, set aside or correct the sentenced imposed on him on in case 05-232 (ADC), as well as respondent's opposition and petitioner's reply. (Docket Nos. 1; 7; 8). Petitioner argues that: (i) his trial counsel was ineffective because he failed to find out, prior to Santiago-Meléndez's guilty plea, the that the government's confidential informant ("CI") was not available for trial because the informant himself was under investigation by law enforcement; (ii) his trial counsel was ineffective because he failed to pursue a motion to suppress evidence since had he done so, he would have discovered that the government's CI was under investigation; (iii) his trial counsel was ineffective because he failed to object during the Rule 11 colloquy to "the waiver of right to appeal under habeas corpus"; (iv) his appellate attorney was ineffective in failing to argue that the waiver of appeal should not have been enforced "due to the judge's error to advise petitioner of a wrong stipulation regarding waiving of appeal under habeas corpus, when that was not part of the agreement"; (v) his appellate attorney was ineffective in not properly addressing "that co-defendants were aquited [sic] at trial due to entrapment from part of the government, and

---

[2] An amended judgment was entered on August 31, 2006. (Docket No. 274).

**2**

discrepancy between FBI agent at grant [sic] jury hearign [sic], and testifying agent at trial". (Docket Nos. 1 at 4, 5; 1-2 at 2, 3). An analysis of petitioner's arguments follows.

## II.     The government's confidential informant

Petitioner claims that his trial counsel was ineffective because he failed to discover that a CI was under investigation before he entered a guilty plea, and that had his trial counsel pursued a motion to suppress evidence, he would have found out of such fact. The government has conceded that the CI was indeed under investigation and eventually indicted on January 30, 2008 in United States v. Orlando Merdced-Morales, 08-38 (CCC). Therefore, petitioner's claim can be reduced to a claim that he was entitled as a matter of right to impeachment information before he made a decision to enter a guilty plea. Petitioner's demand, however, is unfounded.

In United States v. Ruiz, 536 U.S. 622, 629 (2002), the Supreme Court addressed the issue of access to impeachment evidence:

> We must decide whether the Constitution requires that preguilty plea disclosure of impeachment information. We conclude that it does not... [I]mpeachment information is special in relation to the *fairness of a trial*, not in respect to whether a plea is *voluntary* ("knowing," "intelligent," and "sufficient[ly] aware"). Of course, the more information the defendant has, the more aware he is of the likely consequences of a plea, waiver, or decision, and the wiser that decision will likely be. But the Constitution does not require the prosecutor to share all useful information with the defendant. Weatherford v. Bursey, 429 U.S. 545, 559, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977) ("There is no general constitutional right to discovery in a criminal case").

Id. at 629 (emphasis in original); see also United States v. Wells, 2008 WL 215814 (6th Cir.) (holding that "the Constitution does not require that the Government disclose impeachment information prior to entering a guilty plea agreement with a defendant or before a defendant pleads guilty") (unpublished).[3]

---

[3] This principle has also been applied in other contexts regarding access to information and the decision to waive certain rights. E.g., Moran v. Burbine, 475 U.S. 412, 422 (1986) ("[W]e have never read the Constitution to require the police supply a suspect with a flow of information to help him calibrate his self-interest in deciding whether to speak or

Ultimately, Santiago-Meléndez's argument runs in four steps: (1) had his trial attorney filed a motion to suppress and carried out a greater effort during the discovery stage of the case, he would have discovered that one of the government's witnesses could have been impeached at trial; (2) had petitioner known the vulnerability of said government witness, he would have exercised his right to have a trial; (3) because the impeachment evidence was not made available to petitioner, his guilty plea was not voluntarily and knowingly made; (4) thus, his attorney was ineffective. Petitioner's argument, however, is premised on a constitutional right that does not exist: access to all impeachment evidence before a decision of whether to enter a guilty plea or proceed to trial is made. Brady v. United States, 397 U.S. 742 (1970) ("We find no requirement in the Constitution that a defendant must be permitted to disown his solemn admissions in open court that he committed the act with which he is charged simply because it later develops that the State would have had a weaker case than the defendant had thought....").[4]

### III.   The waiver of appeal and collateral requests for relief

As previously stated, petitioner's appeal was summarily enforced by the Court of Appeals for the First Circuit because of the waiver of appeal executed at the trial level. Petitioner claims that his trial attorney was ineffective in failing to object during the Rule 11 colloquy the "waiver of right to appeal under habeas corpus" and that his appellate attorney was ineffective in failing

---

stand by his rights."); see also U.S. v. Durham, 741 F.Supp. 498, 502 (D. Del. 1990) (same); Times Mirror Co. v. United States, 873 F.2d 1210 (9th Cir. 1989) (holding that there is "no First Amendment right of access to search warrant proceedings and materials when an investigation is ongoing but before indictments have been returned).

[4]Even if it were assumed, *arguendo*, that at the pretrial stage of the proceedings petitioner had the constitutional right to obtain from the government impeachment information regarding the CI, that in and of itself does not render his guilty plea involuntary. See Lefkowitz v. Newsome, 420 U.S. 283, 288 (1975) (holding that "a guilty plea, intelligently and voluntarily made, bars the later assertion of constitutional challenges to the pretrial proceedings.") At the Rule 11 colloquy, the court asked questions to ensure that petitioner was competent, aware of his constitutional rights, satisfied with his trial attorney, informed in Spanish as to the contents of the plea agreement, knowledgeable of the counts to which he was pleading guilty and the maximum penalties applicable to said counts, conscious of the consequences of his guilty plea, in agreement as to the summary of the facts that the government proffered that it would have been able to prove had the case proceeded to trial, and free from any undue pressure. (Docket No. 344 in case 05-232 (ADC) at 2, 4, 5, 6, 7, 12, 16).

to argue that the waiver of appeal should not have been enforced due to an erroneous warning given during the Rule 11 colloquy that he had waived his habeas corpus rights. Petitioner's argument lacks merit.

During the Rule 11 colloquy, the following warnings were given by the court to Santiago-Meléndez:

> COURT: Before I accept this waiver I have to explain to you that if the court accepts the plea agreement you are requesting, then you would not be entitled to appeal. That means this will be the end of the road if the court accepts the plea agreement. If the court rejects the plea agreement you can appeal. That means if you waive your right to appeal that you cannot appeal your sentence <u>or file a habeas corpus</u>, because you have exercised your rights, waived them and forfeited them. Therefore I will tell you this, because if I accept this plea agreement which you agree to, that is the end of the road for you, concerning any further legal appeals or review of the sentence, do you understand that?
>
> DEFENDANT: Yes, sir.

(Docket No. 344 in case 05-232 (ADC) at 13-14) (emphasis added).

Petitioner has an issue with the warning to the effect that he could not "file a habeas corpus". Although the First Circuit appears to be silent on the issue, a review of other Circuit Court decisions suggests that waivers of collateral proceedings are enforceable when the same are stated explicitly in the plea agreement and the pleas and waivers have been voluntarily and knowingly made.

> [A]t least four circuit courts have enforced waivers of collateral attack rights brought pursuant to § 2255 where the plea was knowingly and voluntarily entered. See <u>Mason v. United States</u>, 211 F.3d 1065, 1069 (7th Cir.2000) (determining that defendant waived right to seek relief under § 2255); <u>Watson v. United States</u>, 165 F.3d 486, 488–89 (6th Cir.1999) (upholding explicit waiver of the right to collaterally attack a sentence under § 2255 because it was an informed and voluntary waiver); <u>United States v. Pruitt</u>, 32 F.3d 431, 433 (9th Cir.1994) (stating that plea agreement may "waive the right to bring a § 2255 motion [if] it

does so expressly"); United States v. Wilkes, 20 F.3d 651, 653 (5th Cir.1994) (upholding an express waiver of postconviction proceedings, including § 2255, because court could "see no principled means of distinguishing such a waiver from the [enforceable] waiver of a right to appeal"); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir.1993) (holding that defendant may waive statutory right to file § 2255 petition challenging length of his sentence); see also United States v. Bencomo, 129 F.3d 131, (10th Cir.1997) (Table) (citing Wilkes in dicta for proposition that defendant's double jeopardy claim is barred by "provision in the plea agreement waiving any right to contest his sentence in any postconviction proceeding under § 2255"); Luna v. United States, 1999 WL 767420, at *3 (Sept. 28,1999) (interpreting Second Circuit law to hold that a waiver of § 2255 rights in a plea agreement is enforceable); cf. Latorre v. United States, 193 F.3d 1035, 1037 n. 1 (8th Cir.1999) (observing that Eighth Circuit had "not yet addressed the question of a defendant's power to waive collateral-attack rights in a plea agreement" and indicating that court's prior "decisions upholding waivers of direct-appeal rights have explicitly noted the availability of § 2255 collateral attack").

In light of these considerations, we conclude that a waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made. Of course, the same exceptions to the waiver of the right to appeal, if they arise, would be available to the waiver of the right to collateral attack. In other words, the constraints which apply to a waiver of the right to direct appeal also apply to a waiver of collateral attack rights.

United States v. Cockerham, 237 F.3d 1179, 1182-1183 (10th Cir. 2001).

The plea agreement entered by petitioner contains a waiver of appeal clause that reads as follows: "The defendant hereby agrees that if this Honorable Court accepts this agreement and sentences him according to its terms, conditions, and recommendations, defendant waives and surrenders his right to appeal the conviction and sentence in this case." (Docket No. 186 in case 05-232 (ADC), at ¶23). Hence, the plea agreement does not contain an express provision warning the defendant of a waiver regarding collateral proceedings under §2255. Nevertheless, petitioner has not been prejudiced by the court's warnings during the change of plea hearing. First, Santiago-Meléndez did in fact knowingly and voluntarily waive his right to appeal contingent upon the court's acceptance of the plea agreement's terms and conditions. During the Rule 11 colloquy,

Santiago-Meléndez was explicitly warned that if the court accepted the plea agreement, he would be waiving his right to appeal.  Not only did the court accept the plea agreement, it sentenced Santiago-Meléndez according to its recommendations.[5]  Therefore, petitioner's waiver of appeal was knowingly made.  As to the matter of voluntariness, Santiago-Meléndez explicitly stated to the court that nobody had forced, coerced or intimidated him into pleading guilty. (Docket No. 344 in case 05-232 (ADC) at 12).  Therefore, the First Circuit acted appropriately when it summarily dismissed petitioner's appeal.

Second, even though the court did make a warning that Santiago-Meléndez would be waiving his right to "file a habeas corpus", the fact is that the court is entertaining his §2255 petition on its merits, and not summarily dismissing it without evaluation of the substance of the arguments contained in said petition.  Hence, petitioner cannot claim that the fact that he was warned that he could not "file a habeas corpus" has somehow affected him adversely.

## IV. Acquittals of other defendants

Finally, petitioner contends that his appellate counsel was ineffective in not arguing that other defendants were acquitted at trial based on an entrapment defense.  At the outset, it should be noted that "[a]ppellate counsel is not required to raise every non-frivolous claim, but rather selects among them to maximize the likelihood of success on the merits." Lattimore v. Dubois, 311 F.3d 46, 57 (1st Cir. 2002).  Thus, even if appellate counsel did not raise the co-defendants' acquittals on appeal, that alone is insufficient to determine ineffectiveness of counsel.

More importantly, Santiago-Meléndez pled guilty on April 5, 2006, while the trial of co-defendants Jaime López-Pérez and Ramón Núñez-Rosario began on May 7, 2007.  (Docket Nos. 440; 442 in case 05-232 (ADC)).  In view that said co-defendants' trial occurred after Santiago-

---

[5] Santiago-Meléndez was sentenced to serve 60 months of imprisonment as to each count for a total of 120 months of incarceration.

Meléndez pled guilty and after his notice of appeal was filed on August 29, 2006 (Docket Nos. 268 in case 05-232 (ADC); 317 with USCA Number 06-2366), it bears no relevance whether appellate counsel brought to the attention of the Court of Appeals that they were acquitted based on an entrapment defense or any other theory because such fact was not part of the record. <u>Jenkins v. Sheets</u>, 2009 WL 3151232, *4 (adopting a report and recommendation that states in its pertinent part that "[w]here a party's claims of ineffective assistance of trial counsel rely upon evidence outside the record, he cannot properly raise them in a direct appeal.") (unpublished).[6]  Thus, there is no need to delve any further in petitioner's final claim.

WHEREFORE, for the reasons stated above, it is recommended that petitioner's § 2255 motion to vacate, set aside or correct the sentence imposed be DENIED.

IT IS SO RECOMMENDED.

Any objections to this report and recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt.  Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court.

In San Juan, Puerto Rico, this 27th day of October, 2011.

s/Marcos E. López<br>
United States Magistrate Judge

---

[6] Petitioner also alleges that his appellate counsel was ineffective in failing to highlight alleged contradictions between the testimony of an agent during grand jury proceedings and trial.  Likewise, taking into account the timing of petitioner's guilty plea and his co-defendants' trial, this was a matter outside of the record when defendant filed his notice of appeal.

**8**